MAURICE SANCHEZ, Bar No. 101317
LISA M. GIBSON, Bar No. 194841
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, California 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611
Email:    msanchez@bakerlaw.com
          lgibson@bakerlaw.com

Attorneys for Plaintiff
Subaru of America, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SUBARU OF AMERICA, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH COAST AUTO SALES, INC., dba SOUTH COAST SUBARU, a California Corporation; TUAN PHAM aka TOMMY PHAM, an individual, GORDON MIN, an individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO.<br><br>[ASSIGNED FOR ALL PURPOSES TO JUDGE _____]<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3. **FRAUD**<br>4. **INTENTIONAL MISREPRESENTATION**<br>5. **CONCEALMENT**<br>6. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br>7. **VIOLATION OF VEHICLE CODE SECTION 11726**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, SUBARU OF AMERICA, INC., a New Jersey Corporation, ("SOA") for its Complaint against Defendants SOUTH COAST AUTO SALES, INC., dba SOUTH COAST SUBARU ("SOUTH COAST"), TUAN aka "Tommy" PHAM ("PHAM"), GORDON MIN ("MIN") and DOES 1 through 10 (collectively "DEFENDANTS"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, SOA seeks monetary and injunctive relief for breach of contract, breach of the covenant of good faith and fair dealing, fraud, intentional misrepresentation, concealment, unfair and deceptive business practices, and violations of the Vehicle Code under the laws of the State of California.

## THE PARTIES

2. SOA is a corporation organized and existing under the laws of New Jersey, with its principal place of business at 2235 Route 70 West, Cherry Hill, New Jersey 08002-3308.

3. SOUTH COAST is a corporation organized and existing under the laws of California, with its principal place of business at 2925 Harbor Blvd., Costa Mesa, California 92626.

4. PHAM and MIN are individuals, , on information and belief, residing in Orange County, California and are or were employees of SOUTH COAST.

5. The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as DOES 1 through 10, inclusive, are presently unknown to SOA, which therefore sues these defendants by said fictitious names. SOA will amend this complaint to allege these defendants' true names and capacities when they become known.

6. SOA is informed and believes, and thereon alleges, that, at all times mentioned herein, each of the defendants named as DOES 1 through 10 have been

an officer, director, agent, employee or alter ego of the other defendants and in doing the acts alleged herein has incurred liability to SOA.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under 28 U.S.C. Sections 1332 and 1367(a) and based upon the principles of supplemental jurisdiction. Jurisdiction over the causes of action exists because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over the DEFENDANTS in that DEFENDANTS are domiciled in this District and have committed the acts alleged herein and caused injury, in this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) in that SOUTH COAST'S principal place of business and PHAM and MIN's residences are located in this District and the events and/or omissions giving rise to the claims hereinafter set forth occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. SOA is engaged in the business of importing, distributing, and advertising, new motor vehicles and related accessories and parts. SOA distributes new Subaru vehicles to authorized dealers located throughout the United States for sale to the public, and holds a license from the State of California to conduct this business within the State. SOA has been engaged in the motor vehicle business in the United States for over 46 years.

11. SOUTH COAST holds a dealer license from the California Department of Motor Vehicles. Beginning in about 2002, SOA and SOUTH COAST, doing business as South Coast Subaru, entered into a series of Subaru Dealer Agreements and Standard Provisions, and letters extending the same, the latest of which was entered into on or about November 1, 2010 (the "Dealer Agreement"). The Dealer Agreement authorized, among other things, SOUTH

3
COMPLAINT
605733045.2

COAST to sell designated Subaru products at 2925-A Harbor Blvd. ("the Dealership Premises") in Costa Mesa, California. A true and correct copy of the current Dealer Agreement is attached hereto as Exhibit "A."

12. Under Sections 4.1 and 4.2 of the Dealer Agreement, SOUTH COAST is required to maintain a high level of customer satisfaction with regard to the sales experiences of SOUTH COAST's Subaru customers.

13. On or about November 12, 2012 SOUTH COAST had not met its contractual obligation to provide a sufficiently high level of customer satisfaction for an extended period, and SOA issued a Notice of Requirement to Cure based, in part, on SOUTH COAST'S poor customer satisfaction and poor customer handling scores..

14. If a dealer fails to meet the cure obligations set forth in a Notice of Requirement to Cure, SOA may take additional actions against the dealer, including but not limited to, issuing a Notice of Termination of the Dealer Agreement.

15. During 2013, SOUTH COAST's customer satisfaction performance appeared to improve to a level that SOA took SOUTH COAST out of the cure program relating to customer satisfaction.

16. In order to assess its authorized dealer's performance with regard to customer satisfaction, SOA has an Ownership Loyalty Program ("OLP"). OLP is made part of the Dealer Agreement pursuant to Section 20.10 of the Dealer Agreement, which incorporates the Subaru Owner Loyalty Program Reference Guide by reference. SOA's authorized dealers, including SOUTH COAST, receive monthly OLP scores for both sales and service. These scores are based on the results of surveys completed by the dealership's customers.

17. Each SOA dealership is expected to collect a valid email address from a customer at the time that a Subaru vehicle is purchased by that customer. These email addresses are then shared with SOA for the purpose of distributing customer surveys after a vehicle purchase and after the completion of service on the Subaru

vehicle. In addition, SOA uses these email addresses to communicate with customers with regard to service reminders and other service related issues, including potential vehicle recalls.

18. In addition to aiding in SOA's assessment of its dealerships' compliance with their Dealer Agreements, OLP scores are also used to determine if a dealership is eligible for recognition, including monetary rewards, under the ASCENT and Stellar Care Awards programs.

19. The detailed information gained from these customer surveys provides the dealership and SOA with specific areas in which a dealership may improve to promote future sales of Subaru products and services and to aid in customer retention.

20. On or about September 17 and 18, 2014, SOA conducted an investigation at SOUTH COAST regarding SOUTH COAST's OLP scores and customer surveys.

21. This investigation and the review of SOA's own records of surveys allegedly provided by SOUTH COAST's customers showed that 224 supposed customer surveys from 2014 alone had been generated from an IP address located at South Coast Acura, another dealership owned by SOUTH COAST.

22. The investigation revealed that the buyer's orders and deal jackets corresponding with the false surveys did not contain an email address for the buyer or contained an email address that was not reported accurately to SOA. Sales of those vehicles had been reported to SOA with sham email addresses, which caused the surveys to be sent to email boxes controlled by SOUTH COAST.

23. PHAM and MIN, then sales managers at SOUTH COAST, reported the sales of Subaru vehicles with these sham email addresses to SOA.

24. On information and belief, PHAM and MIN and DOES 1-10, acting on behalf of SOUTH COAST, either directly submitted or directed others to submit

surveys to SOA posing as Subaru customers on computers located at South Coast Acura or Subaru buildings.

25. These surveys submitted by or on behalf of SOUTH COAST were completed during a time of day normally associated with the dealership lunch hour and were completed every few minutes, indicating that a person or persons with SOUTH COAST were continuously completing surveys.

26. Additional information sought by SOA in conjunction with this investigation has been withheld by SOUTH COAST and its employees, including but not limited to, PHAM and MIN. SOUTH COAST has failed to detail any meaningful plan to prevent this fraudulent behavior from continuing to occur.

27. SOUTH COAST has represented to SOA that the employment of persons engaged in the submission of false surveys has been terminated. On information and belief, however, PHAM and MIN both remain employed by dealerships owned by SOUTH COAST, including South Coast Subaru.

28. As a result of these intentional and egregious acts of Defendants, SOA's ability to monitor customer satisfaction for a significant amount of time has been destroyed. In addition, SOA has incurred damages in the payment of bonuses, the cost of investigation, and lost sales of vehicles and parts. SOA has also been damaged by its inability to contact a number of consumers with service information about their vehicles.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT – AGAINST SOUTH COAST)

29. SOA incorporates by reference Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Under Section 5.1 of the Standard Provisions of the Dealer Agreement, entitled Ethical Standards, the "Dealer agrees: . . . (b) to refrain from all conduct which might be harmful to [the] reputations [of Subaru Products and of SOA, among others] or to the marketing of Subaru Products, or which might be

inconsistent with the public interest; and . . . (d) not to engage in any unfair, deceptive, misleading, unethical, discriminatory, fraudulent, illegal, or otherwise prohibited practice."

31. By submitting false, fraudulent and misleading email addresses and customer surveys, SOUTH COAST has breached Section 5.1 of the Dealer Agreement, thereby preventing SOA from contacting customers regarding service issues and opportunities and from assessing those aspects of SOUTH COAST's interactions with retail customers that could be improved, both of which would increase future sales and customer retention.

32. Similarly, SOUTH COAST has breached Section 4.2 of the Standard Provisions of the Dealer Agreement, entitled "Customer Satisfaction Responsibilities of Dealer" in failing to "advance the goals of customer satisfaction," failing to "keep [SOA] informed about customer complaints and concerns" and failing to "use its best efforts to resolve customer satisfaction issues in a fair and honest manner" by submitting fraudulent customer email addresses and survey responses that prevented both SOUTH COAST and SOA from: knowing if those customers had issues and concerns, attempting to resolve them and assessing those aspects of SOUTH COAST's interactions with retail customers that could be improved, which would increase future sales and customer retention.

33. SOUTH COAST's actions in submitting sham customer email addresses and fraudulent surveys has violated Section 17.1.15 of the Dealer Agreement that states that the Dealer Agreement may be terminated based on SOUTH COAST's transmission or submission of any report or form that is "misleading, false, fraudulent, or materially inaccurate."

34. SOA has complied with its obligations under the Dealer Agreement.

35. As a result of SOUTH COAST's breaches of the Dealer Agreement as alleged above, SOA has suffered harm in the form of monetary damage and injury

to its business, reputation and goodwill, and will sustain loss of revenues and profits.

36. SOUTH COAST has profited from its breaches of the Dealer Agreement and has been unjustly enriched to the detriment of SOA. SOUTH COAST's breaches have caused SOA monetary damage in an amount yet to be determined.

**SECOND CLAIM FOR RELIEF**

**(BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING –AGAINST SOUTH COAST)**

37. SOA incorporates by reference Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. SOA and South Coast are parties to the Dealer Agreement, which specifically incorporates the Subaru Owner Loyalty Program Reference Guide ("OLP Guide"). This OLP Guide sets forth how customer satisfaction data is collected and results transmitted to Subaru dealers. A true and correct copy of the OLP Guide is attached hereto as Exhibit "B."

39. Implied in every agreement is a covenant of good faith and fair dealing. Therefore, implied in the Dealer Agreement is an obligation on the part of SOUTH COAST to act in good faith to permit SOA to receive the benefits of that contract.

40. SOA has complied with its obligations under the Dealer Agreement.

41. No conditions existed to excuse SOUTH COAST's performance under the Dealer Agreement.

42. SOUTH COAST's submission of sham email addresses and customer surveys unfairly interfered with SOA's right to receive the benefits of the contract, including inferring with SOA's ability to receive customer information and accurately assess SOUTH COAST's performance under the contract and to

605733045.2

improve customer satisfaction and communication so as to improve future sales and customer retention.

43. As a result of SOUTH COAST's breaches of the covenant of good faith and fair dealing in the Dealer Agreement as alleged above, SOA has suffered harm in the form of damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

44. SOUTH COAST has profited from its breaches of the covenant of good faith and fair dealing and has been unjustly enriched to the detriment of SOA. SOUTH COAST's breaches have caused SOA monetary damage in an amount yet to be determined.

## THIRD CLAIM FOR RELIEF
## (FRAUD – AGAINST ALL DEFENDANTS)

45. SOA incorporates by reference Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. SOUTH COAST, PHAM, MIN and DOES 1 through 10 submitted customer satisfaction surveys to SOA that stated that the those surveys were completed by Subaru retail customers.

47. SOUTH COAST, PHAM, MIN and the DOE defendants submitted email addresses to SOA that purported to be true email addresses of Subaru retail customers.

48. The customer satisfaction surveys were not submitted by Subaru retail customers, but rather by Defendants, and the email addresses submitted by Defendants were sham addresses.

49. SOUTH COAST, PHAM, MIN and the DOE defendants knew that their submissions to SOA were false and fraudulent at the time they were made.

50. SOUTH COAST, PHAM, MIN and the DOE defendants intended that SOA would rely on these submissions to fraudulently avoid adverse actions by SOA against SOUTH COAST and to improperly qualify for bonus payments.

51. SOA reasonably relied on SOUTH COAST, PHAM, MIN and the DOE defendants' submissions.

52. As a result of these submissions and SOA's reliance thereon, SOA incurred monetary damages in an amount to be determined at trial.

53. Defendants' actions were intentional and Defendants knew that their actions would cause SOA to suffer substantial damages, in knowing disregard of the lawfulness of their actions. This willful and malicious conduct entitles SOA to a recovery of exemplary damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## (INTENTIONAL MISREPRESENTATION – AGAINST ALL DEFENDANTS)

54. SOA incorporates by reference Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. SOUTH COAST, PHAM, MIN and the DOE defendants submitted customer satisfaction surveys to SOA that stated that the those surveys were completed by Subaru retail customers.

56. SOUTH COAST, PHAM, MIN and the DOE defendants submitted email addresses to SOA that purported to true email addresses of Subaru retail customers.

57. The customer satisfaction surveys were not submitted by Subaru retail customers, but rather by Defendants, and the email addresses submitted by Defendants were sham addresses.

58. SOUTH COAST, PHAM, MIN and the DOE defendants knew that their representations to SOA were false at the time they were made.

59. SOUTH COAST, PHAM, MIN and the DOE defendants intended that SOA would rely on these misrepresentations to avoid adverse action buy SOA against SOUTH COAST and to improperly qualify for bonus payments.

10
COMPLAINT

605733045.2

60. SOA reasonably relied on SOUTH COAST, PHAM, MIN and the DOE defendants' representations.

61. As a result of these misrepresentations of defendants and each of them, and SOA's justifiable reliance thereon, SOA incurred monetary damages in an amount to be determined at trial.

62. Defendants' actions were intentional and Defendants knew that their actions would cause SOA to suffer substantial damages, in knowing disregard of the lawfulness of their actions. This willful and malicious conduct entitles SOA to a recovery of exemplary damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## (CONCEALMENT – AGAINST ALL DEENDANTS)

63. SOA incorporates by reference Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. SOUTH COAST, PHAM, MIN and DOES prevented SOA from discovering the actual customer satisfaction level of Subaru retail customers at South Coast Subaru by providing sham customer surveys to SOA.

65. SOA did not, does not and will likely never know the actual customer satisfaction levels of Subaru retail customers at South Coast Subaru.

66. SOUTH COAST, PHAM, MIN and DOES intended to deceive SOA by concealing those customer satisfaction levels.

67. If the concealed information been disclosed, SOA reasonably would have behaved differently.

68. As a result of this concealment, SOA incurred monetary damages in an amount to be determined at trial.

69. Defendants' actions were intentional and Defendants knew that their actions would cause SOA to suffer substantial damages, in knowing disregard of the lawfulness of their actions. This willful and malicious conduct entitles SOA to a recovery of exemplary damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## (UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 – AGAINST ALL DEFENDANTS)

70. SOA incorporates by reference Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. Defendants have engaged in unlawful, unfair, dishonest, deceptive, false and misleading acts and business practices, in violation of California Business and Professions Code sections 17200, including by, among other things, submitting sham email address for Subaru retail customers to SOA and submitting fraudulent customer satisfaction surveys which purported to be submitted by Subaru retail customers.

72. SOA has no adequate remedy at law. As a result of Defendants' acts as alleged above, SOA has suffered and will continue to suffer irreparable harm in the form of damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits, and will continue to do so unless and until Defendants are permanently restrained and enjoined by the Court from further violating SOA's rights.

73. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of SOA. Defendants' unlawful actions have caused SOA monetary damage in an amount yet to be determined.

74. By reason of the acts of Defendants, SOA is entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## (VIOLATION OF VEHICLE CODE SECTIONS 11705(A)(14) – AGAINST ALL DEFENDANTS)

75. SOA incorporates by reference Paragraphs 1 through 74 of this

605733045.2

Complaint as if fully set forth herein.

76. SOA, a licensee of the California Department of Motor Vehicles ("DMV"), is suffering pecuniary damage in an amount to be determined, as a result of the willful failure of SOUTH COAST, PHAM and, and the DOE defendants, who are also licensees of the DMV, to comply with Vehicle Code section 11705(a)(14).

77. Vehicle Code section 11705(a)(14) states that it is unlawful "to cause[] any person to suffer any loss or damage by reason of any fraud or deceit practiced on that person or fraudulent representations made to that person in the course of the licensed activity." The Defendants' actions described above constitute fraud and deceit perpetrated against SOA.

78. SOA is entitled to recover its damages, to obtain injunctive relief and to recover its reasonable attorneys' fees, from defendants and each of them, pursuant to Vehicle Code section 11726.

79. Defendants' actions were intentional and Defendants knew that their actions would cause SOA to suffer substantial damages, in knowing disregard of the lawfulness of their actions. This willful and malicious conduct entitles SOA to a recovery of exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, SUBARU OF AMERICA, INC. respectfully prays for judgment as follows:

A. For an award of actual and exemplary damages and profits arising from all Defendants' fraudulent actions, pre- and post-judgment interest, and SOA's costs and attorneys' fees associated with this action.

B. For restitution against all Defendants in an amount to be proven at trial for unfair, fraudulent and illegal business practices under California Business and Professions Code section 17200;

  C. For monetary damages arising from SOUTH COAST's breach of the Dealer Agreement in an amount to be proven at trial;

  D. For a Permanent Injunction prohibiting SOUTH COAST or any of its owners, employees, agents, contractors or representatives, including but not limited to PHAM and MIN, from submitting sham, false or fraudulent Subaru customer email addresses or customer surveys to SOA.

  E. For such other and further relief as this Court deems to be reasonable, necessary and just.

Dated: February 6, 2015

BAKER & HOSTETLER LLP
MAURICE SANCHEZ
LISA M. GIBSON

/s/Maurice Sanchez
Maurice Sanchez
Attorneys for Plaintiff
SUBARU OF AMERICA, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Subaru of America, Inc. hereby demands a trial by jury of all issues so triable.

Dated: February 6, 2015

BAKER & HOSTETLER LLP
MAURICE SANCHEZ
LISA M. GIBSON

/s/Maurice Sanchez
Maurice Sanchez
Attorneys for Plaintiff
SUBARU OF AMERICA, INC.