MAURICE SANCHEZ (SBN 101317)
JESSICA M. HIGASHIYAMA (SBN 272269)
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA  92626-7221
Telephone:  714.754.6600
Facsimile:   714.754.6611
Email:       msanchez@bakerlaw.com
             jhigashiyama@bakerlaw.com

ELIZABETH MCNELLIE (*Pro Hac Vice*)
BAKER & HOSTETLER LLP
65 East State Street, Suite 2100
Columbus, OH  43215-4260
Telephone:  614.228.1541
Facsimile:   614.462.2616
Email:       emcnellie@bakerlaw.com

Attorneys for Plaintiff
SUBARU OF AMERICA, INC.

Richard J. Ritchie, Esq. (SBN 157027)
Monika L. Sullivan, Esq. (SBN 279870)
CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP
1230 Columbia Street, Suite 930
San Diego, CA  92101
Telephone:  (619) 232-5700
Facsimile:   (619) 232-2206
Email:       rritchie@ctsclaw.com
             msullivan@ctsclaw.com

Attorneys for Defendant
SOUTH COAST AUTO SALES, INC. dba
SOUTH COAST SUBARU
[Additional counsel appear on signature page]

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SUBARU OF AMERICA, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH COAST AUTO SALES, INC. dba SOUTH COAST SUBARU, a California Corporation; TUAN PHAM aka TOMMY PHAM, an individual; GORDON MIN, an individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 8:15-CV-00213-CJC-JCG<br><br>Assigned to Hon. Jay C. Gandhi<br><br>**STIPULATED PROTECTIVE ORDER** |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Plaintiff Subaru of America, Inc. ("SOA" or "Plaintiff") and Defendants South Coast Auto Sales, Inc. d/b/a/ South Coast Subaru ("South Coast Subaru"), Tuan Pham, and Gordon Min (collectively, "Defendants," and together with Plaintiff, the "Parties"), stipulate and agree between and among themselves, by and through their attorneys, to the entry of this Stipulated Protective Order ("Protective Order") to govern the use, dissemination, and disclosure of certain documents and materials described below and obtained by the Parties through discovery in the above-captioned matter, *Subaru of America, Inc. v. South Coast Auto Sales, Inc. d/b/a South Coast Subaru, et al.*, Case No. 8:15-cv-00213-CJC-JCG (the "Action"). The Court being fully advised and upon good cause shown, enters the following Stipulated Protective Order limiting the disclosure and use of certain discovered information as hereinafter provided.

## A.  SCOPE OF ORDER

This Protective Order shall apply to all information, premises, documents, and things owned or controlled by the Parties, or any parents, subsidiaries, divisions, branches, affiliates, related companies, agents, or licensees of any Party (each a "Related Party"), or of any other parties added or substituted in this case, that are subject to discovery in this Action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, deposition exhibits, responses to interrogatories, responses to requests for admission, responses to requests for production of documents, documents and things produced, information obtained from inspection of premises or things, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party or third party in connection with the Action (hereafter "Information and Materials").

## B.  GOOD CAUSE STATEMENT

This Action is likely to involve financial, customer, and employee data, and other proprietary Information and Materials for which special protection from public disclosure and from use for any purpose other than prosecution or defense of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

this Action is warranted.  To expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect Information and Materials that the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such Information and Materials in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such Information and Materials is justified.  The Parties agree not to designate material as confidential without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause as to why it should not be part of the public record of this case.

## C.   <u>DEFINITIONS</u>

1.   **"Producing Party"** or **"Disclosing Party"**:  As used in this Protective Order, "Producing Party" or "Disclosing Party" shall refer to the parties to this Action and third parties that give testimony or produce documents or other information.

2.   **"Receiving Party"**:  As used in this Protective Order, "Receiving Party" shall refer to the parties to this Action and to third parties that receive documents or other information produced in this Action.

3.   **"Confidential" Information and Materials**:  As used in this Protective Order, "Confidential" Information and Materials means any information that a Producing Party believes in good faith to be non-public, confidential, or sensitive trade secrets, research, design, development, financial, technical, marketing, planning, personal, commercial, or proprietary information, as such terms are used in Rule 26(c)(1) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1).

4.   **"Highly Confidential" Information and Materials**:  As used in this Protective Order, "Highly Confidential" Information and Materials shall constitute "Confidential" Information and Materials which also constitute information that a

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Producing Party believes in good faith to include highly sensitive information that (1) if disclosed to a competitor, would or may cause competitive harm or (2) if publicly disclosed, would or may cause harm to another person, including but not limited to (a) particularly sensitive trade secrets, (b) confidential or competitively sensitive research, development, financial or commercial information, or (c) highly sensitive personal information (such as credit information, residential addresses and/or social security numbers).  Notwithstanding the foregoing, highly sensitive materials requiring special protection may be subject to additional forms of protection pursuant to further order of this Court.

## D.   DESIGNATING PROTECTED INFORMATION AND MATERIALS

1.   All Information and Materials deemed "Confidential" or "Highly Confidential" will be so identified and labeled by the Producing Party.

2.   Acceptance by a Receiving Party of information, documents, or things marked as "Confidential" or "Highly Confidential" shall not (a) constitute a concession that such information, documents, or things in fact are, or include, Confidential Information and Materials; or (b) constitute an agreement or admission by either Party with respect to the competency, relevancy, or materiality of any such information, document, or thing.

3.   **Designation Requirements**:  The designation of Information and Materials as "Confidential" or "Highly Confidential" Information and Materials for purposes of this Order shall be made in the following manner:

a.   **Documents**:  In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Information and Materials, respectively.

b.   **Deposition and Other Proceedings**:  In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) that contains Confidential or Highly Confidential Information and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Materials shall be made either (i) by a statement to such effect on the record during the proceeding in which testimony is received, or (ii) by written notice served on counsel of record in this Action within thirty (30) days after the receipt of the draft transcript of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript) or as otherwise agreed by counsel.  However, before such thirty (30) day period expires, all testimony, exhibits, and transcripts of depositions or other testimony shall be treated as Highly Confidential Information and Materials.  All portions of deposition transcripts not designated as "Confidential" or "Highly Confidential" as provided in Paragraph B shall be deemed not confidential.  No copy of any transcript of any deposition taken by any Party that is designated or is being treated in whole or in part as Confidential or Highly Confidential shall be furnished by the reporter to any person other than to counsel of record for the Parties.

c.      **Non-Written Information and Materials**:  Any non-written Confidential or Highly Confidential Information and Materials (*e.g.*, videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written Information and Materials as "Confidential" or "Highly Confidential."  In the event that a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written Information and Materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such Information and Materials.

d.      **Materials Prepared or Based on Confidential or Highly Confidential Information and Materials**:  Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Confidential or Highly Confidential Information and Materials that quote from or paraphrase Confidential or Highly Confidential Information and Materials with such specificity that the content or substance of the Confidential or Highly

Confidential Information and Materials can be identified shall be accorded the same status of confidentiality as the underlying Confidential or Highly Confidential Information and Materials from which they are made and shall be subject to all of the terms of this Protective Order.

> e. **Other Materials**: If qualified Information and Materials cannot reasonably be labeled, they shall be designated as "Confidential" or "Highly Confidential" in a manner to be agreed upon by the Parties.

> 4. **Inadvertent Failure to Designate or Misdesignation of Information and Materials as "Confidential" or "Highly Confidential"**: The inadvertent failure to designate Information and Materials as "Confidential" or "Highly Confidential," or the inadvertent designation of an item with an incorrect designation of confidentiality, does not constitute a waiver of the appropriate designation and may be remedied by prompt supplemental written notice upon discovery of the error with the effect that such Information and Materials will be subject to the protections of this Protective Order as though the Information and Materials had been properly designated at first instance. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item appropriately marked.

Upon receipt of such notice, the Receiving Party shall: (1) destroy all copies of the incorrectly-designated Information and Materials, including copies made by others who obtained such Information and Materials directly or indirectly from the Receiving Party; (2) provide notice to all persons who have received the Information and Materials directly or indirectly from the Receiving Party that the Information and Materials are designated "Confidential" or "Highly Confidential" (as applicable) and must be treated as designated in this Protective Order; and (3) replace such incorrectly-designated Information and Materials with copies that have been marked with the appropriate confidentiality legend by the Producing Party.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

### E. CHALLENGING DESIGNATION OF INFORMATION AND MATERIALS

1. In the event that any Party to this litigation disagrees with a confidentiality designation, the parties shall first try to resolve any disagreements about the confidentiality designation of Information and Materials on an informal basis before presenting the dispute to the Court by motion or otherwise.

2. The Receiving Party may challenge the propriety of a "Confidential" or "Highly Confidential" designation by providing to the Producing Party a writing that briefly (i) identifies with reasonable particularity the documents and/or information that are the subject of the challenge; and (ii) describes the specific legal or factual grounds for the challenge.

3. Once a challenge is made, the Parties will meet and confer over the issue within ten (10) business days of receipt of receiving notification that a Party intends to challenge a designation of confidentiality. If the dispute cannot be resolved, the non-designating Party may seek, in the manner prescribed by the Federal Rules of Civil Procedure and Local Rules 37-1 to 37-4, appropriate relief from this Court. It is, however, the Producing Party's burden to demonstrate the confidential nature of the materials so designated.

4. Information and Materials designated as "Confidential" or "Highly Confidential" shall remain under the protection of this Protective Order until there is an order of the Court to the contrary or until there is an express written agreement between the Parties.

5. A Party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such confidential designation.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

### F.    ACCESS TO CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION AND MATERIALS

1.    It is the general intent of the parties to limit disclosure of Confidential and Highly Confidential Information and Materials to the smallest number of persons, consistent with the needs of litigation.

2.    Each person having access to Confidential or Highly Confidential Information and Materials under this Protective Order shall take all reasonable steps to comply with this Protective Order.

3.    Each person to whom Confidential or Highly Confidential Information and Materials may be disclosed and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall do so prior to the time Confidential or Highly Confidential Information and Materials is disclosed to him or her.

4.    **Persons Authorized to Receive Confidential Information and Materials**:  Information and Materials designated as "Confidential" may be summarized, described, characterized, disclosed, or otherwise communicated or made available in whole or in part only to the following persons:

a.    The Court, persons employed by the Court who are necessary for the handling of the Action, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this Action or any appeal therefrom;

b.    Counsel of record in this Action, as well as paralegals, technical, administrative, and clerical employees working under the direct supervision of such counsel.  Counsel of record shall be responsible to ensure that the supervised personnel comply with the terms of this Protective Order;

c.    Experts and consultants assisting any counsel of record in this Action, provided that such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

d.      The individual Defendants in this Action (*i.e.*, Tuan Pham and Gordon Min) who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

e.      Officers, directors, or employees of the Parties who have a need to know such information for purposes of this Action and who have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A;

f.      Graphics, translation, or design services retained by counsel of record in this Action for purposes of this Action, provided that such service providers have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.  A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this Protective Order and taken reasonable steps to comply thereto shall be sufficient;

g.      Commercial copy vendors or litigation support consultants retained by counsel of record in this Action for purposes of this Action (including but not limited to professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action), provided that such vendors and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.  A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this Protective Order and taken reasonable steps to comply thereto shall be sufficient;

h.      Non-Party Witnesses in the Action who it is necessary for the purpose of this litigation to show Confidential Information and Materials, provided that such witnesses have been provided a copy of the Protective Order and have signed the "Agreement Concerning Information Covered by Protective Order"

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

attached hereto as Exhibit A (except that persons described in sub-paragraph i below do not need to sign Exhibit A to be shown Confidential Information and Materials in their depositions);

        i.     Any person indicated by a document marked as "Confidential" Information and Materials to be an author, addressee, or copy recipient of the Confidential Information and Materials, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Information and Materials; and

        j.     Any other person, only upon order of the Court or upon stipulation of the Producing Party, who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

    5.    **Persons Authorized to Receive Highly Confidential Information and Materials**:  Except as specifically provided for in this or subsequent Court orders, Highly Confidential Information and Materials or their contents shall not be summarized, described, characterized, disclosed, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

        a.     The Court, persons employed by the Court who are necessary for the handling of the Action, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this Action or any appeal therefrom;

        b.     Counsel of record in this Action, as well as paralegals, technical, administrative, and clerical employees working under the direct supervision of such counsel. Counsel of record shall be responsible to ensure that the supervised personnel comply with the terms of this Protective Order;

        c.     Experts and consultants assisting any counsel of record in this Action, provided that such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1    d.    Graphics, translation, or design services retained by counsel of

2    record in this Action for purposes of preparing demonstrative or other exhibits,

3    provided that such service providers have signed the "Agreement Concerning

4    Information Covered by Protective Order" attached hereto as Exhibit A.  A

5    signature by an authorized representative of the company who confirms that he or

6    she has appropriately advised the relevant employees of the confidentiality

7    obligations in this Protective Order and taken reasonable steps to comply thereto

8    shall be sufficient;

9    e.    Commercial copy vendors or litigation support consultants

10    retained by counsel of record in this Action for purposes of this Action (including

11    but not limited to professional jury or trial consultants, mock jurors, and

12    professional vendors to whom disclosure is reasonably necessary for this Action),

13    provided that such vendors and consultants have signed the "Agreement

14    Concerning Information Covered by Protective Order" attached hereto as Exhibit

15    A.  A signature by an authorized representative of the company who confirms that

16    he or she has appropriately advised the relevant employees of the confidentiality

17    obligations in this Protective Order and taken reasonable steps to comply thereto

18    shall be sufficient;

19    f.    Witnesses in the Action who it is necessary for the purpose of

20    this litigation to show Highly Confidential Information and Materials, provided that

21    such witnesses have been provided a copy of the Protective Order and have signed

22    the "Agreement Concerning Information Covered by Protective Order" attached

23    hereto as Exhibit A (except that persons described in sub-paragraph g below do not

24    need to sign Exhibit A to be shown Highly Confidential Information and Materials

25    in their depositions);

26    g.    Any person indicated by a document marked as "Highly

27    Confidential" Information and Materials to be an author, addressee, or copy

28    recipient of the Highly Confidential Information and Materials, or as to whom there

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

STIPULATED PROTECTIVE ORDER

has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Highly Confidential Information and Materials; and

    h.  Any other person, only upon order of the Court or upon stipulation of the Producing Party, who has signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

   6.  **Additional Parties Joining the Action**:  In the event that additional parties join in this Action, the newly joined party(ies) shall not have access to Confidential or Highly Confidential Information and Materials until its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Protective Order.  If any additional attorneys (other than those whose firms have already executed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A) make appearances in this Action, those attorneys shall not have access to Confidential or Highly Confidential Information and Materials until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

## G. USE, HANDLING, AND STORAGE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION AND MATERIALS

   1.  Confidential or Highly Confidential Information and Materials shall be used solely for purposes of the Action, including any appeal and/or retrial.  Any person or entity in possession of Information and Materials designated as "Confidential" or "Highly Confidential" shall maintain those materials in accordance with Paragraph G.3 below.

   2.  Neither Confidential nor Highly Confidential Information and Materials shall be disclosed, shared, distributed, used, or otherwise provided in any manner to legal counsel in pending or threatened litigation (other than in this Action) against SOA or any Related Party whether inside or outside of the United

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

States through any other provision of this Protective Order, including but not limited to Paragraphs F.4 and F.5 above.

3.    The recipient of any Confidential or Highly Confidential Information and Materials provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to persons authorized under this Order.

4.    **Filing Confidential or Highly Confidential Information and Materials**:  Without written permission from the Producing Party or a court order, a Party may not file in the public record in this Action any Confidential or Highly Confidential Information and Materials.

a.    The parties shall comply with Local Rule 79-5 when seeking to file Confidential or Highly Confidential Information and Materials under seal.

b.    The Party desiring to place any Confidential or Highly Confidential Information and Materials before the Court shall lodge the information in a sealed envelope along with an application to file the papers or a portion thereof containing Confidential or Highly Confidential Information and Materials under seal and a copy of a Proposed Order Sealing Documents.  Such envelope shall be endorsed with the title of the Action, an indication of the nature of the contents of such sealed envelope, the identity of the Party filing the materials, the phrase "Confidential Material" or "Highly Confidential Material," and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS LITIGATION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.   UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

c.       Additionally, within seven (7) days from the date that the papers (or portions thereof) were filed under seal consistent with Local Rule 79-5 and the above procedures, the Party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the Confidential or Highly Confidential Information and Materials (or any references thereto).

d.       The Parties shall also comply with Local Rule 5.2 with respect to the appropriate treatment of Personally Identifiable Information in connection with any filing with the Court.

5.       In the event that any Confidential or Highly Confidential Information and Materials is used in any court proceeding in this Action or any appeal therefrom, such Confidential or Highly Confidential Information and Materials shall not lose its status as "Confidential" or "Highly Confidential" through such use.  Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

6.       **Subpoena Received for Confidential or Highly Confidential Information and Materials or Order Requiring Production in Other Actions**: If a Receiving Party is served with a subpoena, order, interrogatory, or document request or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Information and Materials that were produced or designated as "Confidential" or "Highly Confidential" by someone other than the Receiving Party, the Receiving Party shall give prompt written notice to the Producing Party by hand, facsimile or electronic mail transmission within five (5) business days of receipt of such Demand or by no later than two (2) business days prior to the return date identified on the subpoena (whichever is earlier), and shall advise the subpoenaing party of the existence of this Protective Order.  The burden of opposing the enforcement of the Demand and

obtaining an order from the Court directing that the Demand not be complied with shall fall upon the Producing Party.  Once obtained, the Producing Party shall promptly serve any order directing that the Demand not be complied with on the Receiving Party.  Compliance by the Receiving Party with any subpoenas or order directing production pursuant to the Demand of any Confidential or Highly Confidential Information and Materials shall not constitute a violation of this Protective Order provided the Receiving Party has complied with the terms of this Paragraph G.6.

7.     **Conclusion of Litigation**:  Within sixty (60) days after the final judgment and the exhaustion of any appeals in this Action ("Final Disposition") or the settlement of this Action, or within twenty (20) days of a written request by a Producing Party after the Final Disposition, all Confidential or Highly Confidential Information and Materials covered by this Protective Order must be returned or destroyed by all persons having received the Confidential or Highly Confidential Information and Materials.  The Clerk of the Court shall maintain the documents as restricted documents for a period of sixty (60) days following the Final Disposition of this Action.  Except where the Court, in response to a request of a Party or on its own motion, orders otherwise, at the end of the 60-day period, the Clerk shall destroy the restricted documents.

Whether the Confidential or Highly Confidential Information and Materials is returned or destroyed, the Receiving Party must submit a written certification to the designating Party) that all Confidential or Highly Confidential Information and Materials have been returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential or Highly Confidential Information and Materials.

Notwithstanding this provision, counsel of record for the Parties may maintain one archival copy of all correspondence, pleadings, deposition and trial

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

transcripts, and attorney work product, provided that such outside counsel of record shall not disclose Confidential or Highly Confidential Information and Materials to any person outside the scope of those individuals allowed access under Paragraphs F.4 and F.5, above, except pursuant to a court order or agreement with the Producing Party.

**H.    MISCELLANEOUS**

1.    Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order.

2.    A person or entity that is not a party to this Action may take advantage of the protection of Confidential or Highly Confidential Information and Materials provided by this Protective Order, and such person or entity shall be entitled to all rights and protections afforded to the Designating Party under this Protective Order.

3.    Nothing in this Protective Order shall prevent any Party from contesting this Protective Order or applying to the Court for further or additional protection for any document or information.

4.    The Parties intend that this Protective Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules.  For purposes of computing any period of time under this Protective Order, the provisions of Rule 6 of the Federal Rule Civil Procedure and the Local Rules of the Court shall apply.

5.    This Protective Order shall not be construed as any Party waiving any right to assert a claim of privilege, work-product protection, relevance, overbreadth, burdensomeness, Fifth Amendment protection, or other grounds for not producing material called for, and access to such material shall only be as otherwise provided by the discovery rules and other applicable laws.

6.    **No Prejudice**: Complying with the terms of this Protective Order, or agreeing to and/or producing or receiving Confidential or Highly Confidential Information and Materials shall not:

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

a.      Prejudice in any way the rights of the Parties to object to the production of documents they consider not to be subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or Highly Confidential Information and Materials;

b.      Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

c.      Prejudice in any way the rights of a Party to seek a determination by the Court whether any Confidential or Highly Confidential Information and Materials should be subject to the terms of this Protective Order;

d.      Prejudice in any way the rights of a party to petition the Court for relief from the Protective Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders; or

e.      Prevent a Disclosing Party from authorizing disclosure of its own Confidential or Highly Confidential Information and Materials to any party.

7.      **Inadvertent Disclosure of Privileged Information and Materials**: Nothing in this Order requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject to discovery.  Disclosure (including production) of Information and Materials that a Party or non-party later claims should not have been disclosed because of a privilege, including but not limited to, the attorney-client privilege or work-product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or any other applicable privilege or immunity as to which the Producing Party would be entitled in the Action or any other federal or state proceeding.  If a Producing Party inadvertently discloses to a Receiving Party information that is privileged,

16

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

said Producing Party shall, upon discovery of such disclosure, promptly notify the Receiving Party in writing and request that the item(s) of information be returned or destroyed, and no Party to this Action shall thereafter assert that such disclosure waived any privilege.  It is further agreed that the Receiving Party will return or certify the destruction of such inadvertently produced item(s) of information and all copies thereof within seven ( 7) business days of receiving a written request for the return or destruction of such item(s) of information; must not use or disclose the privileged information until the claim is resolved; and must take reasonable steps to retrieve the privileged information if the Receiving Party disclosed the privileged information before being notified.

If a Receiving Party encounters any discovery material produced by another Party or non-party that the Receiving Party believes may be privileged or protected from discovery, and may have been produced inadvertently, that Receiving Party must immediately cease any review of such material, sequester it, and promptly notify the Producing Party in writing of the possibility that such material may be privileged and may have been inadvertently produced.  The Producing Party shall promptly advise the Receiving Party as to whether, in fact, such material was inadvertently produced.

If, after conferring, the Parties cannot agree as to whether a document should be protected from disclosure by a privilege or immunity, the Producing Party shall have fifteen (15) business days to file a motion with the Court seeking the return or destruction of the disclosed information.  While such a motion is pending, the Receiving Party shall not make any use of such information during deposition, hearing or trial, and such information shall not be shown by the Receiving Party to anyone until the issue of whether the information should be protected from disclosure is finally and completely adjudicated.

8.   **Redactions**:  Any Producing Party may redact from the documents and things it produces information that the Producing Party claims is subject to the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

attorney-client privilege, work-product doctrine, a legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party shall mark each document or thing where information has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.  Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked.  The Producing Party shall preserve an unredacted version of each such document or thing.

9.      **Duration of Protective Order**:  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered, or agreed upon by the Parties, this Protective Order shall survive the termination of this Action.  The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time-to-time deem appropriate.

10.      **Violation of the Protective Order**:  In the event that any person or Party threatens to violate or violates the terms of this Protective Order, the Party responsible for or knowledgeable of such threat or violation shall immediately inform the Producing Party of all facts pertinent to the threat or violation that, after due diligence and prompt investigation, are known to the Party responsible for or knowledgeable of the threat or violation (including without limitation the name, address, and employer of the person or Party who threatened to violate or violated the terms of the Protective Order), and shall immediately make all reasonable efforts to prevent violation (or further violation, as applicable) of the Protective Order.  The aggrieved Producing Party shall apply to the Court to obtain relief against any such person or Party violating or threatening to violate any of the terms of this Protective Order.  In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

the sole discretion of the Court.  This Court shall retain jurisdiction over the Parties and any other person subject to the terms of this Protective Order for the purpose of enforcing this Protective Order.

The Parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order.  In order to permit discovery to proceed without further delay, the Parties agree that this Stipulated Protective Order shall be effective from June 24, 2015 and shall apply and be enforceable from that date forward with respect to all discovery in this matter.

Dated:  October 21, 2015                 Respectfully submitted,

                                         BAKER & HOSTETLER LLP


                                         By:    _/s/ Maurice Sanchez_____
                                                Maurice Sanchez
                                                Elizabeth McNellie
                                                Jessica M. Higashiyama

                                         Attorneys for Plaintiff
                                         SUBARU OF AMERICA, INC.

Dated:  October 21, 2015                 Respectfully submitted,

                                         CALLAHAN, THOMPSON, SHERMAN & CAUDILL, LLP


                                         By:    _/s/ Richard J. Ritchie_____
                                                Richard J. Ritchie
                                                Monika L. Sullivan


                                         Attorneys for Defendant
                                         SOUTH COAST AUTO SALES, INC. dba
                                         SOUTH COAST SUBARU

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Dated:  October 21, 2015         Respectfully submitted,

LAW OFFICES OF MICHAEL BRENNAN

By:    */s/ Michael Brennan*
         Michael Brennan

LAW OFFICES OF MICHAEL BRENNAN
Michael Brennan
fatheratty@aol.com
250 E. 17th Street, Suite 290
Costa Mesa, California 92627
Telephone:  (949) 646-9842
Facsimile:   (949) 646-3453

Attorney for Defendants
TUAN PHAM aka TOMMY PHAM and
GORDON MIN

## FILER'S ATTESTATION

I, Maurice Sanchez, am the ECF User whose identification and password are being used to file this [Proposed] Stipulated Protective Order.  In compliance with L.R. 5-4.3.4, I hereby attest that Richard J. Ritchie and Michael Brennan concur in this filing's content and have authorized its filing.

Date:  October 21, 2015          By: */s/ Maurice Sanchez*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

DATED:  October 27, 2015

_____

Hon. Jay C. Gandhi

**UNITED STATES MAGISTRATE JUDGE**

# **EXHIBIT A**

*Subaru of America, Inc. v. South Coast Auto Sales, Inc. d/b/a
South Coast Subaru, et al.*

United States District Court for the Central District of California

Case No. 8:15-cv-00213-CJC-JCG

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1.    My address is:

2.    My employer is:

3.    My present occupation or job description is:


4.    I am/am not currently employed and have no intentions of being employed by any of the parties in the above-entitled case, or by any parents, subsidiaries, divisions, branches, affiliates, or competitors of any of the parties in any capacity other than as an expert, consultant, or translator in this proceeding.  If I do become employed by any of the foregoing in a capacity other than as an expert, consultant, or translator, I will immediately comply with the terms of the Stipulated Protective Order.

5.    I have received a copy of the Stipulated Protective Order in this case.

6.    I have carefully read and understand the provisions of the Stipulated Protective Order.

7.    I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result in sanctions against me.

8.    I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" or "Highly Confidential" Information and Materials disclosed to me. I will not review or seek access to materials that I am not qualified to see.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

STIPULATED PROTECTIVE ORDER

9.      I will return all Information and Materials containing or disclosing "Confidential" or "Highly Confidential" Information and Materials that come into my possession, and Information and Materials that I have prepared relating hereto, to counsel for the party that provided me with the "Confidential" or "Highly Confidential" Information and Materials.

10.      I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____        By: _____

STIPULATED PROTECTIVE ORDER

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA